IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

YORK J. BLAIR,

        Plaintiff,

v.

WILSON TRAILER COMPANY,

        Defendant.

No. 10-CV-04126-DEO

Memorandum and Opinion Order

_____

## I. INTRODUCTION AND BACKGROUND

On December 16, 2010, York J. Blair, Plaintiff, filed a Complaint against Wilson Trailer Company, Defendant. Docket No. 3. Plaintiff's Complaint alleges Defendant violated the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.*. Docket No. 3, 4. Currently before this Court is Defendant's Motion for Summary Judgment, and Plaintiff's Cross Motion for Summary Judgment. Docket Nos. 20 and 35.

## II. FACTS

Plaintiff began working for Defendant on June 18, 2008, as a manufacturer assembling grain trailers. Docket No. 37, 1 and Docket No. 28-2, 1.

Defendant provides its employees 7 days of personal leave per year, starting from January 1st of each year. Docket No. 20-1, 2. Defendant also provides its employees 40 hours of

vacation time per year, starting from the anniversary of their initial employment date.  Id.  At the time Plaintiff applied for leave under the FMLA in October of 2009, it is undisputed that, pursuant to Defendant's policies, Plaintiff had used his personal leave and vacation time.  Id.

Sometime in October of 2009, Plaintiff's close friend passed away.  Docket No. 28-2, 2.  Plaintiff attempted to take time off but was ineligible because he had exhausted his personal leave, and, since the friend who passed away was not a legal relative, Plaintiff did not qualify for additional bereavement leave.  Docket No. 28-2, 2.

On October 20, 2009, Plaintiff informed Carol LaBrune, a human resource employee for Defendant, that he was sick. Docket No. 28-2.  Ms. LaBrune told Plaintiff he may be entitled to leave pursuant to the FMLA, but there is no indication Ms. LaBrune told Plaintiff of the potential consequences if he did not qualify.  Docket No. 39, 1 (citing Docket No. 28-3, 54).  However, Defendant did provide Plaintiff an FMLA Certification Form (hereinafter, the "First Form") to be completed by his physician.  Docket No. 37, 2. In pertinent part, the First Form indicates that "[f]ailure to provide a complete and sufficient medical certification may

2

result in denial of your FMLA request." Docket No. 20-2, 10. Later that day, Physician's Assistant (PA) Gary Heath saw Plaintiff. Docket No. 37, 2. Plaintiff reported vomiting diarrhea, and headaches and thought he may have the flu. Docket No. 37, 2. PA Heath concluded stress and anxiety caused Plaintiff's symptoms, rather than flu. Docket Nos. 37, 2 and 28-2, 2. Though PA Heath's notes, dated October 20, 2009, were not made available for Defendant until after the initiation of this law suit, they indicate Plaintiff was "[i]nstructed to make an appointment" with a counselor. Docket No. 28-2, 8. Furthermore, according to Plaintiff, PA Heath told Plaintiff he should see a counselor during their October 20, 2009, appointment, but Plaintiff was unable "to schedule an appointment right away because of the schedule of the counselor." Docket No. 28-2, 3 (citing Docket No. 28-3, 56-58) (other citations omitted).

On October 20, 21, 22, and 26 of 2009, Plaintiff called in sick and missed work. Docket No. 37, 2.

On October 23, 2009, PA Heath completed the First FMLA Form and subsequently faxed it to Defendant on October 26, 2009. Docket No. 37, 3. The First Form indicates Plaintiff was unable to perform any job function but did not state why

3

other than to say that Plaintiff had "an illness that may require him to miss work occasionally." Docket No. 20-2, 11. The First Form also indicates Plaintiff would <u>not</u> "need to attend follow-up treatment," was <u>not</u> "referred to other health care provider(s)," and was <u>not</u> prescribed any medication. Docket No. 20-2, 12. However, the First Form did indicate Plaintiff would experience episodic flare-ups, periodically preventing him from performing his job. Docket No. 20-2, 12. It also indicated the flare-ups would occur 2-3 times per month for 1-2 days per episode. <u>Id.</u>

Ms. LaBrune and John Kreber, Defendant's human resource director, reviewed the First Form and claim to have determined Plaintiff did not qualify for leave pursuant to the FMLA. Docket No. 37, 2. Still, on October 27, 2009, Ms. LaBrune and Mr. Kreber faxed the First Form to PA Heath's office and requested clarification. Docket No. 37, 2.

That same day, PA Heath faxed a Second Form back. Docket No. 37, 3. The Second Form added that Plaintiff was experiencing anxiety and depression due to several deaths and illnesses in his family. Docket No. 20-2, 16. In addition, though the Second Form still indicated Plaintiff did <u>not</u> "need to attend follow-up treatment," PA Heath added a notation,

4

which read, "(none scheduled at this time)." Furthermore, PA Heath changed the Second Form to indicate Plaintiff was "referred to other health care provider(s) for evaluation or treatment" and added a notation reading, "counseling upstairs recommended and offered." Docket No. 20-2, 17.

After reviewing the more detailed Second Form, Ms. LaBrune and Mr. Kreber again claim to have concluded Plaintiff did not qualify for leave pursuant to the FMLA. Docket No. 37, 3. On October 28, 2009, Plaintiff was given written notice indicating his application for leave was denied. Docket No. 28-2, 4.

On October 29, 2009, PA Heath's office called Defendant and stated a desire to file a Third Form, because, according to Defendant, Plaintiff was threatening to sue. Docket No. 37, 4. Ms. LaBrune informed PA Heath's office the decision was already made and any subsequent information from his office would be inconsequential. Docket No. 37, 4. Nevertheless, PA Heath's office faxed a Third Form that same day. Docket No. 37, 4. In pertinent part, the Third Form noted that Plaintiff "[m]ay need counseling due to anxiety issues." Docket No. 20-2, 28.

Though unsolicited, Mr. Kreber and Ms. LaBrune reviewed the Third Form and again claim to have determined that it did not permit leave under the FMLA.  Docket No. 37, 4.

In a deposition, Mr. Kreber was asked about his understanding of the addition of the phrase "may need counseling" and provided the following equivocating response:

> My interpretation of may need counseling is very – very vague.  I – my interpretation of that suggests that it must not have – he must not have needed counseling or he would have been – he would have been referred immediately.

Docket No. 28-3, 26.

Mr. Kreber and Ms. Labrune testified they never asked Plaintiff whether or not he was going to go to counseling; never requested additional information from Plaintiff; and never, after the Second Form was sent from PA Heath's office, asked for additional clarification from PA Heath.  Docket No. 28-3. 26-27 and Docket No. 28-2, 7-8.

Based on denial of his application for leave pursuant to FMLA, Plaintiff's absences were deemed unexcused, and he was placed on suspension for three days.  Docket No. 28-2, 5. After his suspension, on November 2, 2009, Plaintiff was terminated though he informed Defendant he was scheduled to see a counselor the next day.  Docket No. 28-2, 5.

On November 3, 2009, Plaintiff went to Counselor Jolin. The following day, Plaintiff again saw PA Heath.  Docket No. 28-2, 9.  PA Heath prescribed Plaintiff Lexapro and instructed him to continue counseling.  Docket No. 28-2, 9 (citing Docket No. 28-3, 79-80.)

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the record shows "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56(c).  A fact is material if it is necessary "to establish the existence of an element essential to [a] party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  There is a genuine issue as to a material fact if, based on the record before the court, a "rational trier of fact" could find for the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When considering a motion for summary judgment, a "court must view the evidence in the light most favorable to the nonmoving party . . . ." Hutson v. McDonnell Douglas Corp., 63 F.3d 771 (8th Cir. 1995).  This requires a court to draw

any reasonable inference from the underlying facts in favor of the nonmoving party and to refrain from weighing the evidence, making credibility determinations, or attempting to discern the truth of any factual issue in a manner which favors the moving party unless there is no reasonable alternative.  See Matsushita, 475 U.S. at 587; and Morris v. City of Chillicothe, 512 F.3d 1013, 1018 (8th Cir. 2008) (citing Thomas v. Corwin, 483 F.3d 516, 526-27 (8th Cir. 2007)).

Procedurally, the movant bears the initial burden "of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992) (citing Celotex, 477 U.S. at 323).  Once the movant has carried his burden, the non-moving party is required "to go beyond the pleadings" and through "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 423 (citing Fed. R. Civ. P. 56(e)).

## IV.   LAW AND ANALYSIS

### A. Overview of the FMLA

The FMLA was primarily designed "to balance the demands

8

of the workplace with the needs of families" and to "entitle employees to take reasonable leave" when necessary to care for their health or the health of their family members.  29 U.S.C. § 2601(a)(1).  In part pertinent to Plaintiff's cause of action, the FMLA provides an employee the right to take up to 12 weeks of unpaid leave per year because of "a serious health condition that makes the employee unable to perform the functions of" his or her position.[1]  29 U.S.C. § 2612(a)(1)(D).  In order to constitute a "serious health condition" there must be:  (1) an illness, injury, impairment, or physical or mental condition" that incapacitates the employee "for more than three consecutive, full calendar days," and (2) either "inpatient care in a hospital, hospice, or residential medical care facility; or . . . continuing treatment by a health care provider."  29 U.S.C. § 2611(11)

---

[1]  Other qualifying reasons for FMLA leave include: (1) "the birth of a son or daughter of the employee and in order to care for such son or daughter;" (2) "the placement of a son or daughter with the employee for adoption or foster care;" (3) "[i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition;" and (4) "any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces."  29 U.S.C. § 2612(a)(1).

and 29 C.F.R. § 825.115(a).  Continuing treatment can involve any condition requiring "[t]reatment two or more times, within 30 days of the first day of incapacity," or "[t]reatment by a health care provider on at least one occasion, which results in a regimen of continuing treatment under the supervision of the health care provider."  29 C.F.R. § 825.115(a)(1).

In determining whether an employee is entitled to FMLA leave, an employer "may" require that an employee have a qualified health care provider certify that the requisite conditions for leave are met.  29 U.S.C. § 2613(a).  In aid of the certification process, the Department of Labor has developed certification forms, which it provides to employers.  See 29 C.F.R. § 825.306(b).  "At the time the employer requests certification, the employer must . . . advise an employee of the anticipated consequences of an employee's failure to provide adequate certification."  29 C.F.R. § 825.305(d).  The employee, absent a qualifying excuse, then has 15 calendar days to return the certification.  29 C.F.R. § 825.305(b).

Once an employer has exercised his right to require a certification, the employee has the burden of providing "a complete and sufficient certification to the employer . . . ."

29 C.F.R. § 825.305(c).  A proper certification must contain

certain "required information," including a

> statement or description of appropriate
> medical facts . . . sufficient to support
> the need for leave.  Such medical facts may
> include information on symptoms, diagnosis,
> hospitalization, doctor visits, whether
> medication has been prescribed, any
> referrals for evaluation or treatment
> (physical therapy, for example), or any
> other regimen of continuing treatment.

29 C.F.R. § 825.306(a)(3).

Once the employee or a qualified health care provider

submits a Certification Form to an employer, the employer

must:

> advise an employee whenever the employer
> finds a certification incomplete or
> insufficient, and shall state in writing
> what additional information is necessary to
> make the certification complete and
> sufficient.  A certification is considered
> incomplete if the employer receives a
> certification, but one or more of the
> applicable entries have not been completed.
> A certification is considered insufficient
> if the employer receives a complete
> certification, but the information provided
> is vague, ambiguous, or non-responsive.
> The employer must provide the employee with
> seven calendar days to cure any such
> deficiency.

29 C.F.R. § 825.305(c).

There are two general types of FMLA claims:  (1)

retaliation claims, or "'claims in which the employee alleges

11

that the employer discriminated against him for exercising his FMLA rights;'" and (2) interference claims, or "'claims in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA.'" Parsons v. Principal Life Insurance Company, 686 F. Supp. 2d 906, 910 (8th Cir. 2010) (citing Stallings v. Hussmann Corp., 447 F.3d 1041, 1050 (8th Cir. 2006) (citing 29 U.S.C. § 2615(a)(1)-(2)).  Plaintiff, because he alleges Defendant failed to follow the proper procedures for determining whether he qualified for FMLA leave, raises an interference claim.

As to the Motions currently before this Court, the Defendant argues it is entitled to summary judgment because each version of the Forms PA Heath provided indicates Plaintiff did not qualify for FMLA leave.  The Plaintiff argues he is entitled to summary judgment on three bases: (1) Defendant failed to advise Plaintiff of the consequences of his potential failure to provide adequate certification; (2) Defendant failed to give Plaintiff 15 days to provide a response to their request for certification; and (3) Defendant neither provided Plaintiff written notice regarding the alleged deficiencies in the certification, nor provided him seven days to cure the alleged deficiencies.

For purposes of organization, this Court will first consider Plaintiff's first two arguments and will then consider whether the Forms PA Heath provided conclusively indicate Plaintiff was not entitled to FMLA leave or are in some manner insufficient.

**B.   Wether Defendant Failed to Advise Plaintiff of the Consequences of His Potential Failure to Provide Adequate Certification?**

As previously noted, the regulations provide that

> [a]t the time the employer requests certification, the employer must . . . advise [the] employee of the anticipated consequences of [the] employee's failure to provide adequate certification.

29 C.F.R. § 825.305(d).

Defendant notes that the first page of the First Certification Form it provided Plaintiff states, "[f]ailure to provide a complete and sufficient medical certification may result in a denial of your FMLA request," which, according to Defendant, provided Plaintiff adequate notification of the potential consequences; this Court agrees.  Docket No. 20-2, 27.  The regulations do not require an employer to inform an employee of all possible consequences that may result from the employee's failure to provide adequate certification.  It is

13

sufficient that an employer inform an employee that his FMLA leave may be denied without adequate certification.  This may be accomplished in writing or verbally.  Furthermore, the record indicates Plaintiff understood that his FMLA leave required approval from a qualified medical source.[2]  Docket No. 20-3, 7.  The record also indicates Plaintiff understood that without FMLA leave, any further absences would be unexcused.  Therefore, Defendant sufficiently advised Plaintiff of the consequences of his potential failure to provide adequate certification, and Plaintiff should have known he could ultimately be terminated if leave was not granted.  **Thus, Plaintiff's Motion for Summary Judgment on this basis is denied.**

**C.   Whether an Employer's Failure Wait 15 Days Though Certification has Already been Received is a Violation of the FMLA?**

As previously noted, the regulations state an "employee must provide the requested certification to the employer within 15 calendar days after the employer's request . . . ."

_____

[2]  In his deposition, Plaintiff indicated that when Mrs. LaBrune first told him about the possibility of FMLA leave she indicated that it depended on the doctors approval.  Docket No. 20-3, 7.

29 C.F.R. § 825.305(b).  The Plaintiff would have this Court read this regulation to require an employer to wait 15 days before making any decision in relation to FMLA leave regardless of whether an employee turned in their certification early.   In this Court's opinion, such an interpretation is unjustified.  Though the regulation clearly implies an employer must wait at least 15 days prior to taking any action before certification is received, it simply does not require an employer to wait to reach a determination if a form is provided in less than 15 days.   Therefore, though Defendant in fact failed to provide Plaintiff 15 days to provide a response to their request for certification, this does not constitute interference with Plaintiff's rights established pursuant to the FMLA.  **Thus, Plaintiff's Motion for Summary Judgment on this Basis is Denied.**

**D.   Whether the Certification Forms PA Heath Provided Defendant Conclusively Indicate Plaintiff was not Entitled to FMLA Leave or Whether They are in Some Manner Insufficient?**

As previously noted, once an employer has exercised his right to require a certification form, as here, the employee has the burden of providing "a complete and sufficient certification to the employer . . . ."   29 C.F.R. §

825.305(c).   In order to be complete and sufficient, the certification must include "a statement or description of appropriate medical facts regarding the [employee's] health condition . . . ."  29 C.F.R. § 825.306(a)(3).

> Such medical facts <u>may</u> include information on symptoms, diagnosis, hospitalization, doctor visits, whether medication has been prescribed, any referrals for evaluation or treatment (physical therapy, for example), or any other regimen of continuing treatment.

<u>Id.</u> (emphasis added).

However, as previously noted, once the employee or a qualified health care provider submits a certification form that is insufficient, the employer must, in writing, inform the employee what is necessary to make the form sufficient and provide the employee 7 days to rectify the insufficiency.  29 C.F.R. § 825.305(c).   "A certification is considered insufficient if the employer receives a complete certification, but the information provided is vague, ambiguous, or non-responsive."  <u>Id.</u>

Plaintiff contends that the First, Second, and Third Certification Forms PA Heath provided Defendant were insufficient; and, therefore, Defendant had a duty to provide Plaintiff a written explanation of the Forms' insufficiencies,

as well as provide him 7 days to cure said insufficiencies. Defendant contends the Forms conclusively showed Plaintiff did not qualify for FMLA leave, and, as such, Defendant had no additional duties under the regulations.   This Court is persuaded that reasonable minds could reach either conclusion.

Initially, the Defendant's argument that they could have based their decision on any of the Forms PA Heath provided individually is simply unreasonable.   Prior to making an adverse employment decision based on the denial of FMLA leave, fairness and common sense dictate that an employer should consider all of the medical information then available.  If an employer were allowed to pick and choose which information to consider, the general purpose of the FMLA would be subverted. Therefore, prior to Plaintiff's termination on November 2, 2009, Defendant had a duty to consider all three Forms provided by PA Heath's office.

Though the First Form did not establish the requirements of a "serious illness," PA Heath's responses could be construed as ambiguous.   For instance, PA Heath indicated Plaintiff suffered from a recurrent illness sufficient to make him incapable of performing his job which would flare-up 2-3 times per month but also indicated recurrent check-ups and

medication were unnecessary, which a reasonable jurist could view as a contradiction.  In addition, PA Heath's responses on the First Form are almost entirely bereft of useful information and, as such, a reasonable jurist could conclude they were vague and non-responsive.  For instance, when asked to describe relevant medical facts, such as symptoms, diagnosis, or any regimen of continuing treatment, PA Heath merely responded, "patient has illness that may require him to miss work occasionally."  Docket No. 20-2, 11.  Finally, though Defendant now contends the First Form conclusively established Plaintiff did not qualify for FMLA leave, their own actions may indicate otherwise.  It is undisputed that, after receiving the First Form, Defendant contacted PA Heath for additional information.

As previously noted, the Second Form indicated Plaintiff still _did not_ need follow-up treatment or medication. However, the Second Form included a notation indicating that follow-up treatment, though not scheduled at that time, was recommended and offered, potentially confusing the matter as to whether follow-up treatment or medication was in fact needed.  In addition, the Third Form added a notation indicating Plaintiff "[m]ay need counseling due to anxiety

issues," which further supported the reasonable inference that PA Heath's responses were ambiguous, vague, or non-responsive.

Defendant cites the Seventh and Sixth Circuits' decisions in Stoops v. One Call Communications, Inc. and Nawrocki v. United Methodist Retirement Communities, Inc. for the proposition that an employer is entitled "to rely on the face of [a] certification without further inquiry." Nawrocki, 174 Fed. Appx. 334, 338 (6th Cir. 2006) and Stoops, 141 F.3d 309, 313 (7th Cir. 1998). Both Nawrocki and Stoops are distinguishable in that the information provided by the qualified medical providers indicated the plaintiffs did not need to miss work due to their conditions; whereas, in this case, all of the Forms PA Heath provided clearly indicate Plaintiff had a recurrent condition that would require recurrent absences. Nawrocki, 174 Fed. Appx. at 335; Stoops, 141 F.3d at 311. Though hospitalization or continuing care by a qualified health care provider is a required element of a serious health condition under the FMLA, whether or not an employee is capable of performing their job for three consecutive days is clearly the more important element. Notably, the regulations do not require a certification to include information indicating whether additional referrals

19

for evaluation or treatment are required but merely states that such information "may" be included. 29 C.F.R. § 825.306(a)(3). However, the regulations do require a certification to include a statement that an employee is unable to perform the functions required to do his or her job. 29 C.F.R. § 825.306. It would appear the continuing treatment requirement is intended to differentiate between short-lived, acute illnesses and recurrent, chronic, or long-term conditions, such as Plaintiff's. When a form indicates an employee has a recurrent, chronic, or long-term condition which incapacitates the employee but also indicates additional treatment is not necessary, it is, in this Court's opinion, reasonable to infer that the form is in some manner insufficient. However, if a medical professional clearly indicates an employee, despite their condition, has the present and future ability to perform their job, there will generally be little doubt that they are not entitled to FMLA leave.

In addition, whether the certifications at issue were insufficient was not an issue in Nawrocki or Stoops. As the Eighth Circuit indicated in Parsons v. Principal Life Insurance Company, once an employer is "on notice" that an

employee "might be eligible for FMLA-protected leave," the employer is "under a duty 'to count'" said employee's absences "as FMLA leave or inquire further."  686 F. Supp. 2d 906, 916 (8th Cir. 2010) (quoting Scobey v. Nucor Steel-Ark., 580 F.3d 781, 787 (8th Cir. 2009)) (emphasis added).

**V.  CONCLUSION**

In conclusion, when considering the Forms PA Heath provided Defendant, a reasonable jury could conclude they are insufficient as that term is used in the regulations; and, therefore, a reasonable jury could conclude that Defendant had a duty to provide Plaintiff a written explanation of why PA Heath's Forms were insufficient, as well as provide Plaintiff 7 days to cure.  **Therefore, Defendant's Motion for Summary Judgment is denied.**

However, though a reasonable jury could determine the Forms are insufficient, a reasonable jury could also determine the forms are not insufficient.  Reasonable people may, and often do, reach contrary conclusions.  Each Form, at a particular location thereon, clearly indicates no further treatment or medication were required, and a reasonable jury could, despite some potentially contradictory entries, find this to conclusively indicate Plaintiff was not suffering from

a serious illness as that term is defined under the FMLA.

**Therefore, Plaintiff's Motion for summary judgment for Defendant's failure to provide written notice and 7 days to cure is denied.**

    **IT IS SO ORDERED** this 20th day of July, 2012.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa